UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:19-cr-00152-TWP-MJD |
| ) | |
| ROBERT MASON ELLIOTT, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S OPPOSED MOTION FOR BAIL**

This matter is before the Court on Defendant Robert Mason Elliott's ("Elliott") Opposed Motion for Bail, in which he moves for bail pending trial, arguing his release is necessary in order to comply with the Religious Freedom Restoration Act (RFRA). (Filing No. 119.) The Government objects to the Motion arguing that Elliott has failed to introduce sufficient evidence to rebut the presumption of detention. (Filing No. 122.) For the reasons stated below, the Court finds there are no changed circumstances that warrant Elliott's release and his Motion is **denied**.

## I. BACKGROUND

On December 27, 2018, a criminal Complaint was filed against Elliott, alleging sexual exploitation of a child, distribution of child pornography, and possession of child pornography. (Filing No. 2 at 1.) That same date, at his initial appearance, Elliott, without objection, moved to hold the issue of release or detention in abeyance and the parties were ordered to notify the Court when the issue of release or detention becomes ripe. (Filing No. 8.) On May 7, 2019, Elliott was charged by Indictment with five counts of Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Section 2251(a), one count of Coercion and Enticement of Minor Victim 1, in violation of Title 18, United States Code, Section 2422(b), five counts of Distribution of Child

Pornography, in violation of Title 18, United States Code, Section 2522(a)(2), and one count of being a Felon in Possession of six firearms, in violation of Title 18, United States Code, Section 922(g)(1).  ([Filing No. 23](#).)

The Government moved for detention and on May 21, 2019, a detention hearing was held before the Magistrate Judge in which both the Government and Elliott presented live testimony and evidence.  The Pretrial Services Report, ("PS3"), was admitted into evidence.  (Filing No. 38, 38-1.)  Elliott scored at Category 4 on the pretrial risk assessment, "indicating a relatively high risk of flight and/or danger to the community. "  (Filing No. 38-1 at 3.)  Due to the nature of the instant offenses, Elliott's pattern of criminal history, history of criminal activity while under supervision, and pending cases, the probation officer opined that, "there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community." *Id*.  The probation officer recommend that Elliott be detained. *Id*.

At the detention hearing, the Government proffered evidence Elliott's history of sexual exploitation of Minor Victim 1, that he had battered her, and provided heroin and cocaine to Minor Victim 1.  The Government presented evidence that Elliott engaged in repeated criminal conduct against Minor Victim 1 despite no contact orders by the Court.  The Government presented evidence that Elliott was on GPS monitoring by the Court when he had delivered (in violation of another no contact order) a compact disc containing heroin to Minor Victim 1.  The Government further proffered that Mr. Elliott had used firearms in his grandfather's home (including shooting a firearm toward a neighbor's house) while on pretrial release and despite being a felon.

The Magistrate Judge concluded that the presumption of detention applied, based on the offenses charged, and Elliott had not presented evidence sufficient to rebut the presumption under 18 U.S.C. § 3142(e)(3).  ([Filing No. 40](#).)  In the Order of Detention, the Magistrate Judge also found

by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. *Id*. The Magistrate Judge determined detention was necessary because the weight of evidence against Elliott was strong; his prior criminal history was extensive; he participated in criminal activity while on probation, parole or supervision; he had a history of violence or use of weapons; he had a lack of stable employment; prior failure to appear in court when ordered; prior attempts to evade law enforcement; and prior violations of probation, parole, or supervised release. *Id*. at 3-4.  In particular, the Magistrate Judge explained:

> There's clearly evidence, not only clear and convincing, but compelling, overwhelming evidence, in the record that he presents a danger to others, absolutely, but that doesn't answer the whole question. The question is: Can the Court impose conditions that will reasonably assure that that danger won't be realized? And the answer is clearly no. This Court cannot impose conditions that would cause me to believe reasonably that we could ensure the safety of others.
> …
>
> In addition, we see a lengthy criminal history, pending cases. For me, the most probative issue was how does somebody behave when he's on conditions of release, whether it be probation, pretrial release, or supervised release. And the criminal history here shows abysmal failure of conditions of release.
>
> So, for all these reasons, the Court finds, by clear and convincing evidence, that Mr. Elliott presents a danger to others or the community that cannot be addressed adequately through conditions of release and, therefore, grants the government's motion for pretrial detention.

(Filing No. 122-1 at 63-64.)  Elliott was remanded to the custody of the United States Marshal pending trial or other disposition of this matter.

On October 9, 2019, a federal grand jury returned a seventeen-count Second Superseding Indictment against Elliott, and he is now charged in Counts 1 and 2: Murder for Hire; Count 3: Conspiracy to Commit Murder for Hire; Counts 4 and 5: Tampering with a Witness, Victim or Informant; Counts 6, 7, 8, 9 and 10: Sexual Exploitation of a Child; Count 11: Coercion and

Enticement of Minor Victim 1; Counts 12, 13, 14, 15 and 16: Distribution of Child Pornography; and Count 17: Felon in Possession of a Firearm and Ammunition. (Filing No. 64.)

Elliott is a Christian and going to church is an important part of his faith. (Filing No. 120-1.) He is presently confined at the Marion County Jail, (the "Jail"), and he is housed in a unit composed of people who have been charged with and/or convicted of sex crimes. Because of this and COVID-19, he is unable to attend congregate church services. *Id.* In addition, because of COVID-19, Elliott is not allowed to visit with his grandfather, grandmother, or mother in person so that he can honor his mother and father as described in the bible. *Id.* Elliott argues that even if the Jail resumed family visitation, it would be conducted between glass. He argues that In order to properly adhere to God's command he needs to help take care of his 87 year old grandfather and my absence from his life is a "terrible sin." *Id.*

On March 15, 2021, Elliott filed the instant Opposed Motion for Bail (Filing No. 119). On March 24, 2021, the Government filed a Response in opposition (Filing No. 122), and Elliott filed a Reply on March 31, 2021 (Filing No. 123). Neither party requests a hearing and the Court determines that none is necessary. A decision can be made based on the record. The Court has reviewed the parties' memoranda in support of their positions, Elliott's Declaration (Filing No. 120-1), the Transcript of the May 21, 2019 Detention Hearing (Filing No. 122-1), the PS3 (Filing No. 38), the Case Evidence Report (Filing No. 122-2), Elliott's Disciplinary Records (Filing No. 122-3), and Elliott's Religious Records (Filing No. 122-4).

## II. LEGAL STANDARDS

### A. Bail Reform Act

Pursuant to the Bail Reform Act, a detention hearing may not be re-opened unless the judicial officer finds, "that information exists that was not known to the movant at the time of the

hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person…". *See* 18 U.S.C. § 3142(f)(2).  Because Elliott raises a new condition, violation of his religious freedom while detained, the Court will grant Elliott's alternative request and consider his newly presented evidence and argument to determine whether detention is appropriate.  The pertinent provision of 18 U.S.C § 3142(e) states that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

18 U.S.C. § 3142(e).  Section 3142 may be triggered solely by an indictment charging certain crimes, including crimes punishable by imprisonment of 10 years or more under the Controlled Substances Act, (21 U.S.C. § 801, *et seq.*), *United States v. Dominguez,* 783 F.2d 702, 706, (7th Cir. 1986).  In this case, there is a presumption of detention and the burden rests with Elliott to provide some evidence to rebut that presumption.

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).  With respect to reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence.  18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S. Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Ports*, 786 F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F. Supp. at 596; *United States v. Knight*, 636 F. Supp. 1462, 1465 (S.D. Fla. 1986).  Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 43 1-33, 99 S. Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must consider the following factors under 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;
>
> (2) the weight of the evidence against the accused;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g)(1)-(3)(A), (B), and (4).

**B.      The Religious Freedom Restoration Act**

Congress enacted RFRA "'in order to provide very broad protection for religious liberty.'" *Holt v. Hobbs*, 135 S. Ct. 853, 859 (2015) (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2760 (2014)); 42 U.S.C. § 2000bb - 2000bb-4.  RFRA applies to the federal government and its agencies. *Hobby Lobby*, 134 S. Ct. at 2761.  It provides that the

> 'Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability,' unless the government 'demonstrates that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.'

*Holt*, 135 S. Ct. at 860.

Determining the compelling-interest and least-restrictive means are questions of law. *United States v. Friday*, 525 F.3d 938, 946 (10th Cir. 2008). When seeking an accommodation from a prison policy under RFRA, the plaintiff bears the initial burden of proving that the defendant's challenged policy implicates the plaintiff's religious exercise. *Holt*, 135 S. Ct. at 862. The plaintiff's request for an accommodation "must be sincerely based on a religious belief and not some other motivation." *Id.* at 862; *see also Hobby Lobby*, 134 S. Ct. 2751 ("[t]o qualify for RFRA's protection, an asserted belief must be 'sincere'"). Additionally, the plaintiff bears the burden of proving that the challenged policy "substantially burden[s] that exercise of religion." *Holt*, 135 S. Ct. at 862. If the plaintiff meets his burden of showing that the challenged policy substantially burdens his exercise of religion, the burden then shifts to the defendant to show that its refusal to allow him an accommodation was in furtherance of a compelling governmental interest and was the least restrictive means of furthering that interest. *Holt*, 135 S. Ct. at 863 (citing 42 U.S.C. §192000cc-1(a)). The least restrictive means standard is exceptionally demanding, and it requires the government to "sho[w] that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting part[y]". *Id*. (quoting *Hobby Lobby*, 134 S. Ct. at 2780). If a less restrictive means is available for the government to achieve its goals, the government must use it. *Holt*, 135 S. Ct. at 853 (quoting *Hobby Lobby*, 134 S. Ct. at 2780).

### III.  **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Elliott contends that the Court's detention order and the Bail Reform Act, as applied to him, violate RFRA. He argues the Court should order him released to home detention with his grandmother pending trial in this matter, so that he can pray in person with his family. In response to the Motion, the Government first asserts that the issue of bail should not be reopened and

detainment should continue because Elliott does not present any evidence to rebut the presumption of detention or address the Court's findings regarding dangerousness. In the alternative, the Government argues that RFRA is a civil statute that provides injunctive relief or damages if the claimant proves a violation. It has no bearing on whether he should be detained pending trial under 18 U.S.C. § 3142.

The Court finds, in its *de novo* review of the record, that the presumption of detention applies in the case. Following the May 2019 detention hearing, additional charges were filed, and there is new evidence before the Court which shows that Elliott remains a danger to others. The Government has proffered evidence that Elliott has twice attempted, from three different jail facilities, to kill material witnesses to his criminal charges, namely Minor Victim 1 and Witness Victim 1 (Minor Victim 1's mother). This evidence supports that Elliot remains a danger even when he is detained. Given the lengthy history of criminal and obstructive behavior, including plots to kill witnesses and numerous attempts to thwart no contact orders, there is clear and convincing evidence that Elliott is a danger to the community, under 18 U.S.C. § 3142(e)–(g). Elliott has presented no evidence or argument to rebut the presumption of detention. However, there is clear and convincing evidence that Elliott, Elliott's mother, and his grandfather are a danger to the community as a whole, and to Minor Victim 1 and Witness Victim 1. Having weighed the evidence regarding the factors found in 18 U.S.C. § 3142(g), and based upon the totality of evidence set forth above, the Court finds that the Government has shown by clear and convincing evidence that Elliott is a danger to others and to the community. Based on his history, characteristics, and past and present conduct, the Court finds that no conditions or combination of conditions exist which would overcome the unacceptable risk that Elliott's release poses a danger to the community.

The Court next turns to Elliot's argument that his sincere exercise of religion is being substantially burdened by the Court's detention order and the Bail Reform Act. In his declaration, Elliott contends that as a detained Christian, he not able to (1) attend congregate religious services at the Jail or (2) honor his father and mother. He argues that honoring his father and mother, which includes his grandparents, requires "reading and studying God's word, and praying with [his] grandfather, grandmother, and mother, in person." (Filing No. 120-1 at 2.)

The Government responds that Elliott's RFRA arguments are not applicable because RFRA is a civil statute that provides injunctive relief or damages if the claimant proves a violation. It has no bearing on whether he should be detained pending trial under 18 U.S.C. § 3142. (Filing No. 122 at 3.) And even if RFRA does apply, the Government disputes Elliott's sincerity in his claim that it is his religious belief that the only way he can honor his "father and mother" is by reading scripture to them in person.

Elliott disagrees with the Government's argument that RFRA only applies in the civil context. He argues that RFRA "applies to *all* Federal law, and the implementation of that law, whether statutory or otherwise, and whether adopted before or after November 16, 1993." (Filing No. 123 at 2, quoting 42 U.S.C. 2000bb-3(a) (emphasis in original).) He contends that numerous courts have recognized that RFRA not only applies in criminal cases, it may serve as defense to criminal charges. *United States v. Ali,* 682 F.3d 705, 709 (8th Cir. 2012) ("RFRA, enacted in 1993, amended all federal laws, including criminal laws, to include a statutory exemption from any requirement that substantially burdens a person's exercise of religion unless that requirement is the least restrictive means to achieve a compelling government interest"). *Id*.

To make a successful RFRA claim, Elliott concedes that he must show that his (i) sincere (ii) religious exercise (iii) is being (or will be) "substantially burdened" by (iv) the "government."

9

*Hobby Lobby*, at 2762. If he satisfies this burden, then the burden shifts to the Government to "demonstrate[] that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." *Hobby Lobby*, at 2759.

Assuming that RFRA does apply, the Court determines that Elliott's asserted beliefs are not sincere, but instead are based on his motivation to be released from jail. *See Hobby Lobby*, 134 S. Ct. 2751 ("[t]o qualify for RFRA's protection, an asserted belief must be 'sincere'" and not some other motivation). Indeed, on October 7, 2017, right before his October 19, 2017 arrest on charges of Dealing a Narcotic Drug (Heroin) to Minor Victim 1 and Invasion of Privacy (as to Minor Victim 1) under Cause Number 73C01-1710-F4-27, Elliott posted the below images on his Facebook page stating that he did not believe in Jesus.



10

In addition, while in the Henderson County Jail, Elliott did not request religious related services, in person worship services, or faith-based recovery classes until after COVID-19 precautions were implemented on March 11, 2020. His disciplinary records show that throughout his detention, he engaged in behaviors adverse to Christian beliefs. (*See* Filing No. 122-3.) All of these factors challenge the sincerity of his stated beliefs.

That being said, the Court acknowledges that religious conversions occur. Even if his beliefs are sincere, the Court determines that Elliott's religious exercise is not substantially burdened. He was transferred from Henderson County to Marion County in late February 2021. The Marion County Jail website states:

> Chaplains, chaplain assistants, and volunteers hold classes and worship services on a weekly or monthly basis. They conduct religious ceremonies, including baptisms and marriages, for persons in jail and offer one-on-one counseling for both inmates and sheriff's office staff. They are available 24 hours a day to provide grief counseling to individuals in jail who lose a loved one.

https://www.indy.gov/activity/marion-county-chaplins (last visited April 23, 2021). Thus, Elliot is allowed to practice his religion, see a chaplain, and use a telephone and tablet to talk to his mother and grandfather for bible study and prayer. That he cannot read scripture to his mother and grandparents in person is not a substantial burden. Accordingly, the Court finds no RFRA violation that would affect Elliott's detention status.

## IV. ORDER

The evidence supports that Elliott's religious beliefs are not being substantially burdened. Because of the extreme danger that Elliot presents to the alleged victims, witnesses, and the community, continuing confinement is the "least restrictive means" under RFRA. Elliott has failed to meet his burden of production to overcome the presumption of detention. After considering the factors set forth under 18 U.S.C. § 3142(g), the District Court's *de novo* determination is that the

Government has further shown by clear and convincing evidence that Elliott is a danger to others and to the community. Based on his history, characteristics, and past and present conduct, the Court finds that no conditions or combination of conditions exist which would overcome the unacceptable risk that Elliott's release poses a danger to the community. For all of these reasons, Elliott's Opposed Motion for Bail ([Filing No. 119](#)) is **DENIED**. He remains remanded to the custody of the United States Marshal.

    **SO ORDERED.**

Date: 4/23/2021

                                                Hon. Tanya Walton Pratt, Chief Judge
                                                United States District Court
                                                Southern District of Indiana

DISTRIBUTION:

Brandon Sample
BRANDON SAMPLE PLC
brandon@brandonsample.com

Kristina M. Korobov
UNITED STATES ATTORNEY'S OFFICE
kristina.korobov@usdoj.gov

Tiffany Jacqueline Preston
UNITED STATES ATTORNEY'S OFFICE
tiffany.preston@usdoj.gov