**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-cr-00152-TWP-MJD |
| ROBERT MASON ELLIOTT, | ) ) ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO DECLARE
COMPETENCY STATUTE UNCONSTITUTIONAL IN PART**

This matter is before the Court on Defendant Robert Mason Elliott's ("Elliott") Motion to Declare Competency Statute Unconstitutional In Part. (Filing No. 147.) For the reasons explained below, the Motion is **denied.**

**I. DISCUSSION**

On October 9, 2019, a federal grand jury returned a seventeen-count Second Superseding Indictment against Elliott, in which he is charged in Counts 1 and 2: Murder for Hire; Count 3: Conspiracy to Commit Murder for Hire; Counts 4 and 5: Tampering with a Witness, Victim or Informant; Counts 6, 7, 8, 9 and 10: Sexual Exploitation of a Child; Count 11: Coercion and Enticement of Minor Victim 1; Counts 12, 13, 14, 15 and 16: Distribution of Child Pornography; and Count 17: Felon in Possession of a Firearm and Ammunition. (Filing No. 64.)

On August 26, 2021, Elliott moved, and the Court later granted his Motion for Second Competency Evaluation filed pursuant to 18 U.S.C. § 4241(a) to determine the mental competence of Elliott to stand trial. (Filing No. 136, Filing No. 143, amended at Filing No. 152.) Elliott's second competency evaluation has not yet been completed. On September 18, 2021, Elliott filed

a Motion to Declare Competency Statute Unconstitutional in Part. (Filing No. 147.) The challenged statute, states as follows:

> Motion To Determine Competency of Defendant.—At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be *suffering from a mental disease or defect* rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241 (a) (emphasis added)

> Determination and Disposition.—If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently *suffering from a mental disease or defect* rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241 (d) (emphasis added).

Elliott asks the Court to issue an order declaring the statutory requirement that a defendant be "suffering from a mental disease or defect" to be deemed incompetent unconstitutional. (Filing No. 147 at 1.) In particular, he contends that the constitutional test for competency in the United States Supreme Court's decisions in *Dusky v. United States,* 362 U.S. 402 (1960) and *Drope v. Missouri,* 420 U.S. 162 (1975), do not require the diagnosis of a particular mental disease or defect. Citing to *Indiana v. Edwards*, 554 U.S. 164, 169-70 (2008), Elliott asserts that "these tests focus on effect; namely, a rational, factual understanding of the proceedings and sufficient present ability to consult with counsel with a reasonable degree of rational understanding." (Filing No. 147 at 3.) According to Elliott, the statute imposes more onerous requirements than the Constitution compels, and therefore § 4241's requirement that a defendant be suffering from a "mental disease

2

or defect" to be deemed incompetent is inconsistent with the Fifth Amendment's Due Process test for competency which contains no such requirement. He cites *Madison v. Alabama,* 139 S. Ct. 718, 728 (2019), for the proposition that "effect" and not "mental disease or defect" matters.

Elliott argues that the unconstitutional provision in § 4241 should be severed, since it appears that the legislature would have enacted the constitutional provisions of the statute independently of the unconstitutional provisions. *See Immigration and Naturalization Service v. Chadha*, 462 U.S. 919, 931 (1983). He contends that under the circumstances here, Congress would have enacted § 4241 independent of the "mental disease or defect" language, and that phrase can be struck from the statute without declaring the statute unconstitutional as a whole. He further argues the revised, constitutional provisions of the §4241(a) and §4241(d) should remove the language "suffering from a mental disease or defect rendering him." (*See* Filing No. 147 at 1.)

In response, the Government asserts that Elliott's Motion borders on frivolous as he has not overcome the heavy burden he faces in proving parts of the competency statute unconstitutional. The Government cites to *Rust v. Sullivan*, 500 U.S. 173, 191 (1991) ("a statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score"), and *United States v. Salerno*, 481 U.S. 739, 745 (1987) (a facial challenge to a legislative act is the more difficult challenge to mount successfully). The Government contends that to succeed in his challenge, Elliott "must typically establish that no set of circumstances exists under which the law would be valid, or that the statute lacks any plainly legitimate sweep". *See United States v. Stevens*, 559 U.S. 460, 472 (2010).

The Government then conducts a thorough analysis of the legislative history and United Supreme Court cases concerning the federal competency statue. Regarding *Edwards*, the Government asserts it did not hold that a mental disease or defect was unconstitutional. (Filing

3

No. 153 at 19.)  Instead, *Edwards* cited *Drope* for the proposition that it "has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."  *Edwards*, 554 U.S. at 170 (internal citations omitted, emphasis added).  With respect to *Madison,* the Government points out that it did not concern Section 4241, but rather, Eighth Amendment standards for a defendant's ability to understand why the State was seeking execution; therefore, *Madison* is not applicable here.

The Court rejects Elliott's argument that because constitutional competency does not require identification of a particular mental disease or defect, the mental disease or defect requirement in § 4241 is unconstitutional.  As pointed out by the Government, the competency statute is broad, and allows courts to consider not only a mental diagnosis, but any defect rendering a defendant incompetent such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  The trial judge may consider a range of factors when deciding competency.  *See United States v. Segal*, 398 F. Supp. 2d 912, 916 (N.D. Ill. 2005) ("factors that the court may consider include testimony from psychiatrists, the defendant's behavior—both before the court and elsewhere—intelligence, lapses of memory, unresponsiveness and defense counsel's observations").  The United States Supreme Court has held that "[t]he competency inquiry is highly individualized." *See Drope*, 420 U.S. at 180.  Simply stated, to ensure due process, the Court is allowed to consider a broad range of factors in determining whether Elliott is competent.  Accordingly, there is no Fifth Amendment violation.

Regardless of whether Elliott is making a facial challenge or as-applied challenge concerning the constitutionality of § 4241, Elliott has presented no legal authority which would allow the Court to grant his Motion.  He ignores the plain language of the statute and decades of

precedent.  As recently as June 2021, the Seventh Circuit has instructed that pursuant to 18 U.S.C. § 4241, the test for incompetency the court must apply in a hearing is whether the defendant is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  *See United States v. Wessel*, No. 19-3002 at 16-17 (7th Cir. 2021) ("The procedure and test for evaluating competency are codified at 18 U.S.C. § 4241."). His argument that Congress would have enacted § 4241 independent of the "mental disease or defect" language is unsupported, and his speculation is insufficient to render this part of the competency statute unconstitutional.

## II.  CONCLUSION

For the reasons stated above, Defendant Robert Mason Elliott's Motion to Declare Competency Statute Unconstitutional In Part (Filing No. 147), is **DENIED**.

**SO ORDERED.**

Date:  10/19/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brandon Sample
BRANDON SAMPLE PLC
brandon@brandonsample.com

Kristina M. Korobov
UNITED STATES ATTORNEY'S OFFICE
kristina.korobov@usdoj.gov

Tiffany Jacqueline Preston
UNITED STATES ATTORNEY'S OFFICE
tiffany.preston@usdoj.gov