# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cr-00152-TWP-MJD |
| | ) | |
| ROBERT MASON ELLIOTT, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON GOVERNMENT'S MOTION *IN LIMINE*

This matter is before the Court on a Motion *in Limine* imbedded within the Government's Trial Brief.[1] (Filing No. 187). Defendant Robert Mason Elliott ("Elliott") is scheduled for trial by jury on August 29, 2022, on two counts of Murder for Hire, two counts of Tampering with a Witness, Victim, or an Informant, five counts of Sexual Exploitation of a Minor, five counts of Distribution of Child Pornography, and one count of Felon in Possession of a Firearm and Ammunition. The Government seeks preliminary rulings from the Court regarding the admissibility of certain evidence, argument, and defenses. Several of these requests relate to the minor whom the Government has identified as the victim of the alleged sexual exploitation and the subject of the alleged child pornography ("Minor Victim 1"). For the following reasons, the Government's Motion is **granted in part and denied in part**.

## I.      LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for

---

[1] The Local Rules require that motions be filed in a separate document and should not be imbedded within a filing, such as a trial brief. *See* Local Rule 7.1.  The separate filing allows easy identification of the motion on the docket.

any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401. During trial, however, the presiding judge "is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

## II.   DISCUSSION

The Government has filed a Motion *in Limine* requesting ten preliminary rulings from the Court: (1) precluding evidence or argument regarding consent or Indiana law regarding the age of consent; (2) precluding argument that distribution to the alleged victim, Minor Victim 1, is a defense to the charge of Distribution of Child Pornography; (3) precluding evidence or argument seeking jury nullification; (4) precluding evidence or argument regarding Minor Victim 1's sexual history, conduct, or predisposition before or after the act alleged in this case; (5) precluding requests that the jury place itself in Elliott's position (*i.e.*, "Golden Rule" appeals); (6) precluding evidence, argument, or references to potential penalties Elliott may face if convicted; (7) precluding evidence or argument regarding Elliott's mental health history, competency, and family needs; (8) precluding evidence or argument regarding "outrageous government conduct"; (9) precluding evidence or argument regarding the Government's, investigating agents', or local law enforcement's motivations for investigating or prosecuting this case; and (10) precluding Elliott's counsel, while in the presence of the jury, from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery

matters.  Elliott filed a combined response to the Government's Motion (Filing No. 195), objecting to only the first and seventh requests.  The Court will first address the two disputed requests.

**A.**   **First Request: Evidence and Argument Regarding Minor Victim 1's Consent and Indiana Law Regarding Age of Consent**

The Government seeks to preclude evidence and argument regarding Minor Victim 1's consent to or motivation for engaging in the alleged sexually explicit conduct or the recording of such conduct, as well as evidence or argument regarding Indiana law on the age of consent.  The Government argues this type of evidence and argument is irrelevant because consent is neither an element of nor defense to the crimes charged, and because its probative value is substantially outweighed by the danger that such evidence would confuse and mislead the jury.  Fed. R. Evid. 401, 403.

Elliott responds that evidence of Minor Victim 1's consent is essential to his defense against the charges of Sexual Exploitation of a Minor.  A defendant commits the offense of Sexual Exploitation of a Minor if he: (1) knowingly employs, uses, persuades, induces, entices, or coerces a minor; (2) to engage in any sexually explicit conduct; (3) for the purpose of producing any visual depiction of such conduct; and (4) while knowing or having reason to know that such visual depiction will be transported or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means. 18 U.S.C. § 2251(a).  Elliott argues that evidence of Minor Victim 1's consent is relevant to the third element—Elliott's purpose for enticing Minor Victim 1 to engage in sexually explicit conduct.  Elliott intends to offer evidence that he and Minor Victim 1 were in a consensual sexual relationship and that he enticed Minor Victim 1 to engage in sexually explicit conduct for the purpose of furthering their consensual relationship, not for the purpose of recording the conduct (Filing No. 187 at 2–3).

The Seventh Circuit rejected this argument in *United States v. Fifer* ("*Fifer*"), 863 F.3d 759 (7th Cir. 2017), *cert. denied* 138 S. Ct. 1262 (2018) (mem.). In *Fifer*, the defendant was charged with Sexual Exploitation of a Minor under 18 U.S.C. § 2251. Before trial, the District Court excluded as irrelevant several exhibits and witnesses proffered by the defendant to show that "he and [the minor victim] had a 'loving relationship.'" *Id.* at 763. The defendant was convicted and appealed the evidentiary ruling. The *Fifer* defendant argued—as Elliott does here—that he engaged in sexual acts with the minor victim for the purpose of furthering their consensual relationship, and that he would have done so "regardless of whether the acts were recorded." The *Fifer* defendant reasoned he therefore "lacked the criminal intent to produce child pornography under § 2251." *Id.* at 768.

In affirming the District Court, the Seventh Circuit noted that "[n]othing in the statute requires that the production of . . . a depiction be the defendant's *only* purpose." *Id.* (emphasis in original). So even though "[e]vidence that Fifer had a loving relationship with [the victim] may suggest that he had additional motivations for having sex with her, . . . that doesn't make it more or less likely that he had the requisite intent to produce illegal visual depictions." *Id.* The proffered evidence of the defendant's consensual relationship with the minor victim was therefore irrelevant. *Id.* ("A defendant 'is no less a child pornographer simply because he is also a pedophile.'" (quoting *United States v. Sirois*, 87 F.3d 34, 39 (2d Cir. 1996)).) Likewise here, evidence that Elliott had a consensual relationship with Minor Victim 1 and enticed her to engage in sexually explicit conduct for the purpose of furthering their consensual relationship is not relevant to determining whether Elliott also engaged in such conduct for the purpose of recording it.

Although Elliott concedes the Government need not prove that Elliott's only purpose for the sexually explicit conduct was to record it, he argues the Government must prove it was his

"dominant" purpose (Filing No. 195 at 2).  In support of this argument, Elliott cites *United States v. McCauley*, in which the Fourth Circuit Court of Appeals held that the use of a definite article ("*the* purpose") in 18 U.S.C. § 2251 "requires that the filming be at the very least a significant purpose in the sexual conduct itself, not merely incidental."  983 F.3d 690, 695 (4th Cir. 2020) (emphasis in original).  The Seventh Circuit has not yet decided whether the government must prove that recording sexually explicit conduct was the defendant's "dominant" purpose under 18 U.S.C. § 2251. But this Court need not answer that question here because regardless of the answer, evidence of Elliott's consensual relationship with Minor Victim 1 is irrelevant.

*McCauley* did not hold that a defendant may have only one "dominant" purpose under 18 U.S.C. § 2251.  *See* 983 F.3d at 697 ("Whether an instruction reads 'the purpose,' 'the dominant purpose,' 'a motivating purpose'—or some other equivalent variation—may not be crucial . . . .'"). Importantly, in announcing its "dominant purpose" standard, the *McCauley* court cited dicta from the United States Supreme Court's decision in *Mortensen v. United States*, 322 U.S. 369 (1944). The dicta stated that the Mann Act—which also uses the phrase "for the purpose of"—requires a showing of "the [defendant's] dominant motive." *Id.* at 374.  The Seventh Circuit, interpreting this same dicta, has held that the phrase "for the purpose of" requires only a showing of "'a' dominant purpose," not "'the' dominant purpose." *United States v. Vang*, 128 F.3d 1065, 1072 (7th Cir. 1997) (citing *United States v. Snow*, 507 F.2d 22, 23 (7th Cir. 1974) ("Despite the contrary implications suggested by the word 'dominant,' [an immoral purpose] need not be the most important of defendant's reasons when multiple purposes are present.")); *see United States v. McGuire*, 627 F.3d 622, 624–25 (7th Cir. 2010) (The Fourth Circuit stated sensibly in *United States v. Bennett*, 364 F.2d at 77, 78 n.4, that the "dominant motive" test seems completely inappropriate in any case involving multiple purposes, some of which were legitimate but one of which is proscribed by [the

Mann Act].'"); *United States v. Fifer*, No. 14-30006, 2015 WL 7004995, at *4 (C.D. Ill. Nov. 10, 2015), *aff'd*, 863 F.3d 759 (7th Cir. 2017). Accordingly, even if the Government were required to prove that recording sexually explicit conduct was a "dominant" purpose of the conduct under 18 U.S.C. § 2251, the Government would not be required to prove it was the *only* dominant purpose.

Evidence of Elliott's additional purposes for enticing Minor Victim 1 to engage in sexually explicit conduct is irrelevant in determining whether Elliott did so for the purpose of recording the conduct in violation of 18 U.S.C. § 2251. The Court therefore **grants** the Government's first request. The parties are precluded from offering testimony, evidence, or argument regarding Minor Victim 1's consent to or motivation for engaging in sexually explicit conduct or the recording of such conduct, or Indiana law regarding the age of consent.

**B.**   **Seventh Request: Evidence and Argument Regarding Elliott's Competency Hearings, Mental Health History, and Family Needs**

The Government also asks the Court to preclude Elliott from offering evidence or argument regarding his personal background, including his (1) mental health history, (2) competency to stand trial, and (3) family needs, including the potential effect of a conviction on Elliott's family ([Filing No. 187 at 39](#)). The Government argues Elliott's personal background is irrelevant and would invite jury nullification. In response, Elliott argues that the Court should not preclude evidence or argument on the issue of "specific intent," including evidence of "Elliott's mental state" ([Filing No. 195 at 4](#)). Upon review of the parties' arguments, the Court concludes that this request should be **granted in part and denied in part**.

With respect to evidence of Elliott's mental health history, the Court cannot conclude as a preliminary matter that such evidence is clearly not admissible for any purpose. The Seventh Circuit has held that evidence of a defendant's mental health history may be admissible to negate the prosecution's proof of specific intent. In *Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990),

6

the Seventh Circuit interpreted Federal Rule of Evidence 704 as allowing "*relevant* expert testimony detailing the defendant's mental health history which might have a tendency to negate the prosecution's proof on the issue of intent." *Id.* at 397 (emphasis in original). "Evidence offered as psychiatric evidence to negate specific intent is admissible . . . when such evidence focuses on the defendant's specific state of mind at the time of the charged offense." *United States v. Nelson*, 5 F.3d 254, 256 (7th Cir. 1993) (omission in original) (quotation marks and citation omitted); *see United States v. Madoch*, 935 F. Supp. 965, 975 (7th Cir. 1996) (permitting expert evidence of mental health history and finding risk of prejudice did not substantially outweigh probative value of "Defendant's capacity to form the specific intent necessary for the alleged offenses"). Elliott has been charged with at least one specific-intent crime, so evidence of his mental health history may be relevant to negating proof of his intent. *See* 18 U.S.C. §§ 1512, 1958; *see also Faucett v. United States*, 872 F.3d 506, 510–11 (7th Cir. 2017) ("We have not yet had occasion to decide whether production of child pornography or possession or child pornography are general-intent or specific-intent crimes."). The Court **denies** this portion of the Government's seventh request.

The Court, however, agrees with the Government that evidence of Elliott's competency to stand trial and the potential effects a conviction may have on Elliott's family should be excluded. The question of whether a defendant is presently competent to stand trial is distinct from the question of whether he had the capacity to form the requisite intent to commit the crimes alleged. *United States v. Westerhausen*, 283 F.2d 844, 852 (7th Cir. 1960). Further, competency is a question for the Court to decide, not the jury. *United States v. Holmes*, 452 F.2d 249, 267 (7th Cir. 1971). Elliott's competency is therefore irrelevant to the question of his guilt and should not be considered by the jury. Likewise, evidence or argument regarding the effect that a conviction may have on Elliott's family is irrelevant and will not be permitted. *See United States v. Zheng*, No.

14-cr-424, 2017 WL 3434228, at *3 (N.D. Ill. Aug. 10, 2017) (collecting cases from the Northern District of Illinois); *United States v. Buncich*, No. No. 16 CR 161, 2017 WL 4712180, at *3 (N.D. Ind. July 27, 2017) (precluding evidence of the effect of a conviction on defendant's family).

The Court **grants** the remaining portions of the Government's seventh request. The parties shall not offer testimony, evidence, or argument regarding Elliott's competency to stand trial or the possible effects of Elliott's conviction on his family. This Order does not, however, preclude the evidence offered at either or both competency hearings to the extent that evidence is offered at trial for a purpose unrelated to Elliott's competency to stand trial.

## C.     Government's Remaining Requests

Elliott does not intend to offer any of the evidence or argument described in the Government's remaining requests, (Filing No. 195 at 3–4), so the Government's Motion is **granted** as to its second, third, fourth, fifth, sixth, eighth, ninth, and tenth requests. The Court will not allow testimony, evidence, or argument: contending that distribution to Minor Victim 1 is a defense to the charge of Distribution of Child Pornography; seeking jury nullification; relating to Minor Victim 1's sexual history, conduct, or predisposition before or after the alleged acts; asking or encouraging the jury to place itself in Elliott's position (*i.e.*, "Golden Rule" appeals); relating to potential penalties Elliott faces if convicted; relating to outrageous government conduct; relating to the Government's, its Agents', or its Investigators' motivations for investigating and prosecuting this case; and requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters in the presence of the jury.

## III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Government's Motion *in Limine* (Filing No. 187). An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise

admissible during the course of the trial, counsel may request a hearing outside the presence of the

jury.  Likewise, if the parties believe that specific evidence is inadmissible during the course of

the trial, counsel may raise specific objections to that evidence at the appropriate time.

**SO ORDERED.**

Date:   5/24/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kristina M. Korobov
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kristina.korobov@usdoj.gov

Tiffany Jacqueline Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
tiffany.preston@usdoj.gov

Brandon Sample
BRANDON SAMPLE PLC
brandon@brandonsample.com