UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cr-00152-TWP-MJD |
| | ) |
| ROBERT MASON ELLIOTT, | ) |
| | ) |
| Defendant. | ) |

## ENTRY REGARDING RULE 402 and 404(b) NOTICE

This matter is before the Court on Plaintiff, the United States of America's ("the Government") Notice of Intent to Use Uncharged Conduct Evidence as Direct Evidence Under F.R.E. 402 and Evidence Admissible Under F.R.E. 404 (the "Notice"), which is imbedded within the Government's Trial Brief[1] (Filing No. 187 at 46-64). Defendant Robert Mason Elliott ("Elliott") is scheduled for jury trial beginning August 29, 2022, on two counts of Murder for Hire, one count of Conspiracy to Commit Murder for Hire, two counts of Tampering with a Witness, Victim, or an Informant, five counts of Sexual Exploitation of a Minor, one count of Coercion and Enticement as to Minor Victim 1, five counts of Distribution of Child Pornography, and one count of Felon in Possession of a Firearm and Ammunition. The Government seeks to offer evidence at the trial, pursuant to Federal Rule of Evidence 402 ("Rule 402) and Federal Rule of Evidence 404(b) ("Rule 404(b)"). For the reasons set forth below, the Notice is **approved in part and disapproved in part**.

---

[1] The Local Rules require that motions be filed in a separate document and should not be imbedded within a filing, such as a trial brief. *See* Local Rule 7.1. The separate filing allows easy identification of the motion on the docket.

## I. BACKGROUND

On October 9, 2019, Elliott was charged in a Second Superseding Indictment with the following: two counts of Murder for Hire of a sixteen-year old girl ("Minor Victim 1") and her mother ("Witness Victim 1"), one count of Conspiracy to Commit Murder for Hire, two counts of Tampering with a Witness, Victim, or an Informant as to Minor Victim 1 and Witness Victim 1. Elliott is also charged with five counts of Sexual Exploitation of a Minor as to Minor Victim 1, one count of Coercion and Enticement as to Minor Victim 1, five counts of Distribution of Child Pornography depicting Minor Victim and one count of Felon in Possession of a Firearm and Ammunition ([Filing No. 64](); [Filing No. 188]()). The Government intends to prove that Elliott possessed Child Sexual Abuse Material ("CSAM") of Minor Victim 1 and distributed it on Facebook on or before September 27, 2017, thereafter, he attempted to hire a hitman in or around May 2019 to kill Minor Victim 1 and Witness Victim 1 to prevent them from testifying against him in various state and federal cases.

In its Notice, the Government proffers four types of evidence. First, it proffers evidence related to prior state and federal charges against Elliott involving Minor Victim 1 and Witness Victim 1. Evidence of the prior state charges includes certified records from charges in three criminal cases filed against Elliott in Shelby County, Indiana: an August 8, 2017, charge for Battery of Minor Victim 1 under Cause No. 73D02-1708-CM-972 (the "August 2017 Charge"), including an August 10, 2017 No Contact Order as to Minor Victim 1 (the "August 2017 No Contact Order") and dashboard camera video of an interview between Elliott and law enforcement regarding the alleged battery, in which Elliott admits that he knew Minor Victim 1 was 16 years old (the "Video Interview"); October 19, 2017 charges of Dealing a Narcotic Drug to Minor Victim 1 and Invasion of Privacy as to Minor Victim 1 under Cause No. 73C01-1710-F4-27 (the "October 2017 Charges"), including the October 24, 2017 No Contact Order issued as to Minor Victim 1;

and November 6, 2017 charges of Invasion of Privacy as to Minor Victim 1 under Cause No. 73C01-1711-F6-555 (the "November 2017 Charges"), including a November 8, 2017 No Contact Order issued as to Minor Victim 1 (collectively, the "Prior State Charges").

Evidence of the prior federal charges includes certified records of the Criminal Complaint (Filing No. 2) and original Indictment filed in this case (Filing No. 23) (collectively, the "Prior Federal Charges"), and limited evidence regarding Elliott's detention hearing in this case (Filing No. 39; Filing No. 40) and an unspecified court hearing of the Government's cooperating witness (the "Cooperating Witness") (collectively, the "Hearing Records"). The Government states that the proffered evidence of prior state and federal charges will be limited to evidence of the charges, court, filing and dismissal dates, and cause numbers, and evidence that Minor Victim 1 and Witness Victim 1 were witnesses as to the charges. The Government does not intend to offer details of the underlying charges (Filing No. 187 at 48).

Second, the Government seeks to offer evidence related to Elliott's prior felony convictions as those convictions relate to the pending charge of Felon in Possession of a Firearm and Ammunition.

Third, the Government proffers evidence regarding items seized from Elliott's former residence—a semi-automatic rifle and firearms—as those items relate to the pending charges of Murder for Hire and Witness Tampering.

And fourth, the Government seeks to offer evidence of Elliott's prior production and distribution of CSAM of Minor Victim 1 on the app SnapChat—depicting Minor Victim 1 engaging in oral sex with Elliott—as that evidence relates to the charges of Sexual Exploitation of a Minor and Distribution of Child Pornography.

## II.     LEGAL STANDARD

Rule 404(b)(1) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b)(2) allows evidence of a crime, wrong, or other act when it is used "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Seventh Circuit has provided a four-part test to be used in 404(b) determinations. Courts are to consider whether: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *See United States v. Howard*, 692 F.3d 697, 703 (7th Cir. 2012).

Rule 404(b)'s prohibition does not apply to direct evidence of the crimes charged and is subject only to Rule 401's relevancy requirements and Rule 403's balancing test. *United States v. Ferrell*, 816 F.3d 433, 442–43 (7th Cir. 2015); *United States v. Gorman*, 613 F.3d 711, 718 (7th Cir. 2010). Evidence is direct evidence when it tends to prove the elements of the charged offense. *United States v. Vargas*, 689 F.3d 867, 874 (7th Cir. 2012). Direct evidence of a crime is almost always admissible against a defendant. *United States v. Gorman*, 613 F.3d 711, 717 (7th Cir. 2010). *See* Federal Rule of Evidence 403. The Seventh Circuit has directed that district courts must also assess whether the probative value of the "other act" evidence is substantially outweighed by the risk of unfair prejudice, and courts may exclude the evidence under Rule 403

4

if the risk of unfair prejudice is too great. *United States v. Gomez*, 763 F.3d 845, 856–60 (7th Cir. 2014).

### III.   DISCUSSION

On March 10, 2022, the Government filed a Trial Brief, which contained a Motion *in Limine* as well as the Notice. On March 18, 2022, Elliott filed an objection to the Motion *in Limine* in the Trial Brief (Filing No. 195) but did not file an objection or otherwise respond to the Notice. The parties did, however, file eight stipulations on March 22, 2022, at least one of which relates to the Government's proffered Rule 404(b) evidence (Filing No. 200 through Filing No. 207).

The Government seeks to offer evidence of several prior state and federal charges filed against Elliott relating to Minor Victim 1 and Witness Victim 1, evidence of Elliott's prior felony convictions, and evidence regarding items recovered from Elliott's former residence. The Government contends this evidence is direct evidence of the charges against Elliott and is also admissible under Rule 404(b). The Government also seeks to offer Rule 404(b) evidence of a prior instance of Elliott's production and distribution of CSAM of Minor Victim 1.

**A.   Prior State and Federal Charges Involving Minor Victim 1 and Witness Victim 1**

The Government seeks to use a Video Interview, Prior State Charges, Prior Federal Charges, and Hearing Records as direct evidence of the crimes charged and as evidence under Rule 404(b). The Government argues this evidence is needed to prove intent, that Elliott (and not someone else) committed the offenses of Murder for Hire and Witness Tampering. The Government asserts this evidence will show that Elliott intended that a murder be committed in violation of the laws of any state, and that the murder was to be committed as consideration for a promise or agreement to pay anything of pecuniary value. The Court will address each piece of proffered evidence in turn.

1. **Video Interview**

The Government argues the Video Interview is direct evidence because in it, Elliott acknowledges that Minor Victim 1 is sixteen years old, and Elliott's knowledge of Minor Victim 1's age is an element of the crimes against him. The Court agrees. Knowledge of the victim's age is an element of Distribution of Child Pornography under 18 U.S.C. § 2252. *United States v. Fletcher*, 634 F.3d 395, 401 (7th Cir. 2011), *see United States v. X-Citement Video, Inc.*, 513 U.S. 64, 76 n.5 (1994). The Video Interview is therefore direct evidence of the charges of Distribution of Child Pornography and not subject to Rule 404(b).

The Court determines the Video Interview is relevant and its probative value is not substantially outweighed by the risk of unfair prejudice to Elliott. The statement about Minor Victim 1's age is direct evidence and highly probative. The Court acknowledges the Video Interview contains prejudicial matter, because it concerns a domestic battery incident for which Elliott was later charged, and because in the video, Elliott refers to Minor Victim 1 as a "bitch" and Minor Victim 1 can be seen with a swollen lip (Filing No. 187 at 6). However, the risk of such prejudice does not substantially outweigh the high probative value of Elliott's statement, particularly in light of the narrow purpose for which the Government seeks to offer it and the limiting instruction the Court can give when this evidence is offered.

2. **Prior State Charges**

The Government contends that Elliott's Prior State Charges are direct evidence for three reasons. First, they are direct evidence of the Witness Tampering and Murder for Hire charges because they prove Elliott knew that Minor Victim 1 and Witness Victim 1 were witnesses against him in then-pending state court proceedings. The Court disagrees. The federal witness tampering statute applies only to federal proceedings. 18 U.S.C. § 1512 (prohibiting interference with an "official proceeding"); 18 U.S.C. § 1515 (defining "official proceeding" as "a proceeding before a

judge or court *of the United States*" (emphasis added)).  For that reason, evidence of prior state court proceedings would not tend to prove any of the elements of federal Witness Tampering.  The Prior State Charges are likewise not direct evidence of the charges of Murder for Hire. The Government argues the Prior State Charges directly prove Elliott's intent that a murder be committed under 18 U.S.C. § 1958(a).  But the fact that state court charges involving Minor Victim 1 and Witness Victim 1 were pending against Elliott when he attempted to hire a hitman does not tend to prove Elliott's subjective intent to have them murdered.  *See United States v. Holt*, 460 F.3d 934, 938 (7th Cir. 2006) ("Direct evidence of intent, we have noted before, is usually unavailable."); *Meeks v. Buss*, No. No. 06-CV-354, 2007 WL 1341118, at *2 (N.D. Ind. May 4, 2007) ("Intent is rarely proven by direct evidence except when a person confesses to an offense.").

Second, the Government contends the Prior State Charges are direct evidence of the charges of Distribution of Child Pornography because they prove Elliott knew Minor Victim 1's age (Filing No. 187 at 52).  The Court again disagrees.  Only one of the Prior State Charges could evidence Elliott's knowledge of Minor Victim 1's age—the October 2017 Charge for Distribution of a Narcotic to a Minor.  However, that charge was filed in October 2017, and, according to the Trial Brief, the child pornography Elliott is presently charged with distributing was distributed on or before September 27, 2017 (No. 187 at 8). Elliott's later knowledge of Minor Victim 1's age is not direct evidence of his knowledge at the time of the alleged offense.

Third, the Government argues the Prior State Charges are direct evidence of all charges because they prove that Elliott knew Minor Victim 1 and Witness Victim 1. The fact that Elliott knew the victims is not an element of any of the crimes charged, so the Prior State Charges are not direct evidence that is admissible under Rule 404(b).

As noted above, to be admissible under Rule 404(b), the evidence must (1) be directed toward establishing a matter in issue other than Elliott's propensity to commit the crimes charged;

7

(2) show that the other acts are similar enough and close enough in time to be relevant to the matter at issue; (3) be sufficient to support a jury finding that the defendant committed the similar act; and (4) have probative value that is not substantially outweighed by the danger of unfair prejudice. *See Howard*, 692 F.3d at 703.

As to the first prong, the Government argues its proffered evidence of the Prior State Charges establishes Elliott's motive, identity, intent, planning and/or preparation, and lack of mistake as to the Murder for Hire and Witness Tampering charges (Filing No. 187 at 60–63). The Government further argues this evidence corroborates Elliott's alleged written statements to the supposed hitman. Corroboration is a permissible purpose under Rule 404(b). *See United States v. Bolivar*, 532 F.3d 559, 602–03 (7th Cir. 2008) (upholding admission of evidence under Rule 404(b) because it corroborated defendant's statements to witness). The Court agrees. The Prior State Charges all involved Minor Victim 1, so Minor Victim 1 and her mother, Witness Victim 1, were witnesses or prospective witnesses as to those charges. The October 2017 and November 2017 Charges were pending against Elliott when he allegedly attempted to hire a hitman, so evidence of those charges tends to establish Elliott's motive and, indirectly, his intent in having them murdered. Evidence of the October 2017 and November 2017 Charges also corroborates statements in the letter Elliott wrote to the supposed hitman referring to Minor Victim 1 and Witness Victim 1 as "witnesses for the state and the Feds" (Filing No. 187 at 53). Further, Elliott's familiarity with Minor Victim 1 and Witness Victim 1 as evidenced by their involvement in the Prior State Charges shows Elliott's identity and lack of mistake. The August 2017 Charge and August 2017 No Contact Order serve the additional evidentiary purpose of establishing the

grounds for law enforcement's search warrant for Elliott's Facebook account, through which Elliott is alleged to have distributed child pornography.[2]

As to the second prong, the prior charges (battery, distribution of narcotics, and invasion of privacy) are not similar to the present charges, but "the need to check for similarity and recency may be substantially diminished or nonexistent depending on the particular purpose for which the evidence is offered. In some cases the relative similarity of the other act to the charged offense may be unimportant as a test of relevance." *United States v. Gomez*, 763 F.3d 845, 854 (7th Cir. 2014). As the Seventh Circuit has stated, "the similarity requirement for admitting other-act evidence is not unduly rigid, but instead is loosely interpreted and applied." *Id.* (quotation marks and citations omitted). Here, the Government seeks to introduce limited evidence about the Prior State Charges to establish Minor Victim 1's and Witness Victim 1's involvement in those charges, to establish that certain charges were pending when Elliott attempted to hire a hitman, and to corroborate Elliott's purported written statements and anticipated trial testimony (Filing No. 187 at 53). For these reasons, the similarity and recency of the Prior State Charges to the present charges is unimportant.

The third prong must likewise be interpreted loosely here in light of the purpose for which the Government is seeking to offer this evidence. The Government does not intend to suggest that Elliott committed the prior charged offenses. However, the certified court records would easily provide a jury with sufficient information to conclude that the Prior State Charges were in fact pending at the times alleged by the Government and that Minor Victim 1 and Witness Victim 1 were involved those charges. As to the last prong, the probative value of the Prior State Charges,

---

[2] The parties have filed a stipulation regarding Facebook, Inc.'s receipt of lawful process requesting records for the account "mason.elliott.7165" and the authenticity of those records (Filing No. 200). But the parties have not filed any stipulation regarding Elliott's connection, if any, to the "mason.elliott.7165" account, so evidence of the August 2017 Charges' connection to the lawful process served on Facebook, Inc., remains probative.

limited to the information and purposes described by the Government, is not substantially outweighed by the risk of prejudice to Elliott, with one exception. To the extent the certified records contain references to or other evidence of charges against Elliott besides the Prior State Charges, those portions of the records must be redacted.[3] The Court has no reason to believe such evidence would have any probative value, and Elliott would be unfairly prejudiced by its introduction. The Government must redact any and all references to other cases or charges against Elliott besides the Prior State Charges but may otherwise offer evidence of the Prior State Charges under Rule 404(b).

### 3. Prior Federal Charges

The Government seeks to offer evidence of the Prior Federal Charges as direct evidence of the charges of Witness Tampering and Murder for Hire. The Court finds that all but one of the Prior Federal Charges is direct evidence of the charges of Witness Tampering. Elliott purportedly attempted to hire a hitman in or around May 2019 to kill Minor Victim 1 and Witness Victim 1, whom Elliott described to the supposed hitman as "witnesses for the state and the Feds" (Filing No. 187 at 54). Throughout the hiring process, the charges in the Criminal Complaint (Filing No. 2) and, subsequently, the Indictment (Filing No. 23) were pending. Minor Victim 1 was involved in each of those charges (except the charge in the Indictment for Felon in Possession of a Firearm and Ammunition) so Minor Victim 1 and Witness Victim 1 would have been witnesses as to those charges. The first element of Witness Tampering under 18 U.S.C. § 1512 is that the individuals tampered with were witnesses, so the certified records of the Prior Federal Charges involving Minor Victim 1 and Witness Victim 1 are direct evidence of Witness Tampering. *See, e.g.*, *United*

---

[3] If, for example, one or more of the charges of Invasion of Privacy against Elliott resulted from his violation of a No Contact Order issued in another state court case—one not included in the Notice—then references to that other case must be redacted.

*States v. Eads*, 729 F.3d 769, 779 (7th Cir. 2013) (listing elements of federal witness tampering). The Prior Federal Charges, except for the charge of Felon in Possession with a Firearm in the Indictment (Filing No. 23), are direct evidence not subject to Rule 404(b). Their high probative value is not outweighed by any risk of unfair prejudice, particularly because Elliott is presently facing many of the same charges.

The charge of Felon in Possession of a Firearm and Ammunition in the May 7, 2019 Indictment does not involve Minor Victim 1 and does not serve any non-propensity purpose. *See Howard*, 692 F.3d at 703. Accordingly, the prior charge for Felon in Possession of a Firearm in the Indictment (Filing No. 23) must be redacted from the Indictment.

   4.    **Hearing Records**

The Government also seeks to offer the limited Hearing Records as direct evidence of Elliott's guilt, arguing that it corroborates anticipated testimony from the Cooperating Witness regarding the steps taken by himself and Elliott to communicate with the believed hitman (Filing No. 187 at 56–57). Evidence regarding the hearings is not direct evidence of any of the elements of the charged crimes, even if it may corroborate direct testimonial evidence.

However, the Hearing Records are admissible under Rule 404(b). This evidence will permissibly corroborate anticipated testimony from the Cooperating Witness and Federal Bureau of Investigations Special Agent Andrew Willmann regarding Elliott's plan and efforts to hire a hitman. Because the Government seeks to offer this evidence only for purposes of corroboration, its similarity and recency to the present charges is unimportant. *Gomez*, 763 F.3d at 854. Certified records are sufficient to allow a jury to conclude that these hearings occurred as described in those records. The probative value of the limited proffered Hearing Records is not substantially outweighed by the risk of unfair prejudice to Elliott, again with one exception. The minute entry ordering Elliott's detainment (the "Detention Order") (Filing No. 39) contains a list of evidence

introduced by the Government at the hearing containing references to state court matters besides the Prior State Charges and prejudicial descriptions like "defendant holding gun and money," "defendant holding gun with a gun and money in his lap" and "defendant holding gun with female" *Id.* at 1-2. The description of evidence offered at Elliott's detention hearing is not probative in light of the purposes for which the Government seeks to offer the Hearing Records, so the risk of unfair prejudice to Elliott substantially outweighs any probative value. The descriptions of evidence contained in the Detention Order (Filing No. 39) must be redacted.

The Court accordingly **approves in part and disapproves in part** the portion of the Notice regarding prior state and federal charges. The Government may offer the Video Interview as direct evidence of the charges of Distribution of Child Pornography. It may offer certified records of the Prior Federal Charges, except evidence of the charge of Felon in Possession of a Firearm in the Indictment (Filing No. 23), as direct evidence of the charges of Witness Tampering. And under Rule 404(b), the Government may offer certified records of the Prior State Charges, except any references to prior cases or charges against Elliott that are not the Prior State Charges, and the Hearing Records, except the evidence descriptions in the Detention Order (Filing No. 39).

**B.    Elliott's Prior Felony Convictions**

In its Notice, the Government seeks to offer evidence of Elliott's felony convictions as they relate to the charge of Felon in Possession of a Firearm and Ammunition (Filing No. 187 at 50). However, the Government notes that it presented Elliott with an "*Old Chief* stipulation" regarding this evidence, which the parties subsequently executed and filed with the Court (Filing No. 204). This portion of the Government's Notice is therefore **disapproved as moot**.

**C.    Evidence Regarding Items Seized from Elliott's Former Residence**

The Government seeks to offer evidence regarding items seized from Elliott's former residence, including firearms and a motorcycle. To the extent that evidence is the firearms and

ammunition Elliott is charged with unlawfully possessing or documents establishing Elliott's possession of those firearms and ammunition, then that evidence is direct evidence of the charged offense and not subject to Rule 404(b).

The Court also agrees with the Government that evidence regarding the items seized from Elliott's former residence is admissible under Rule 404(b) as to the charges of Murder for Hire and Witness Tampering. Evidence regarding the recovered items, including documentation of the items' pecuniary values, establishes Elliott's identity, opportunity, planning, preparation, and lack of mistake in offering the same or similar items of pecuniary value to the supposed hitman in exchange for the murder of Minor Victim 1 and Witness Victim 1. The similarity and recency of Elliott's possession of these items to the present charges is again unimportant because it is offered to show Elliott's access to consideration for murder and to corroborate Elliott's statements to the supposed hitman. This evidence is also sufficient to allow a reasonable jury to conclude that Elliott possessed these items, and its probative value is not substantially outweighed by a risk of unfair prejudice to Elliott. The Court therefore **approves** this portion of the Government's Notice.

D.      **Elliott's Prior Production and Distribution of Child Sexual Abuse Material of Minor Victim 1**

The Government lastly proffers a video showing Minor Victim 1 and Elliott engaging in sexually explicit conduct, which Elliott shared on the app SnapChat. The Government seeks to admit this evidence under Rule 404(b) as evidence of Elliott's opportunity, identity, intent, and lack of mistake with respect to the charges of Sexual Exploitation of a Child and Distribution of Child Pornography. The Court agrees that the evidence is admissible under Rule 404(b).

The prior CSAM is probative of Elliott's motive for and intent in engaging in sexually explicit conduct with Minor Victim 1. It is also evidence that Elliott knew how to film Minor Victim 1 and how to share it on social media, which is probative of Elliott's identity, opportunity,

13

and lack of mistake. The prior act and the acts alleged are exceedingly similar. The Government does not specify when this conduct took place, but its stark similarity to the conduct alleged is sufficient to make it relevant to the matters at issue. *See Gomez*, 763 F.3d at 854 (calling for a flexible interpretation of the similarity and recency prong of the 404(b) analysis). The prior CSAM is sufficient evidence that this uncharged conduct occurred. Finally, the video is highly probative, and although it is prejudicial, it is not unfairly prejudicial. *United States v. Chambers*, 642 F.3d 588, 595 (7th Cir. 2011) ("'That evidence may be highly prejudicial does not compel its exclusion; the evidence must be *unfairly* prejudicial.'" (emphasis in original) (quoting *United States v. Zarhusky*, 580 F.3d 515, 525 (7th Cir. 2009)). The Court therefore **approves** this portion of the Government's Notice.

## IV.    CONCLUSION

For the reasons stated above, the Court **APPROVES in part and DISAPPROVES in part** the evidentiary proffers contained in the Government's Notice of Intent to Use Uncharged Conduct Evidence as Direct Evidence Under F.R.E. 402 and Evidence Admissible Under F.R.E. 404 (Filing No. 187 at 46). The Government may offer the evidence identified in its Notice, except that: any and all references to or evidence of cases or charges against Elliott besides the Prior State Charges must be redacted from the certified records of the Prior State Charges; evidence of the charge of Felon in Possession of a Firearm and Ammunition must be redacted from the Indictment (Filing No. 23); the Government must limit its evidence of Elliott's prior felony convictions to the contents of the parties' *Old Chief* stipulation (Filing No. 204); and the Government must redact from the Detention Order (Filing No. 39) the descriptions of evidence offered at Elliott's May 21, 2019 detention hearing. During the course of the trial, if the Government believes that any excluded testimony or evidence becomes relevant and admissible, depending on what develops at trial,

counsel may approach and request a hearing outside the presence of the jury so the Court can determine admissibility.

The Court will give a limiting instruction during the trial at the time the 404(b) evidence is introduced, upon request of defense counsel. The Seventh Circuit has "caution[ed] against judicial freelancing in this area." *Gomez*, 763 F.3d at 860. In some situations, the defense may prefer "to let the evidence come in without the added emphasis of a limiting instruction," and if so the judge should not preempt this. *Id.*; *see also United States v. Lawson*, 776 F.3d 519, 522 (7th Cir. 2015) ("[T]he choice whether to give a limiting instruction rests with the defense, which may decide that the less said about the evidence the better."). Consistent with the Order Setting Final Pretrial and Pretrial Filing Deadlines (Filing No. 34), Defendant's counsel shall file and email to the Courtroom Deputy Clerk a proposed limiting instruction by no later than **Tuesday, July 26, 2022**, if Defendant intends to request any limiting instruction during trial.

**SO ORDERED.**

Date:  6/7/2022

*[signature]*
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brandon Sample
BRANDON SAMPLE PLC
brandon@brandonsample.com

Kristina M. Korobov
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kristina.korobov@usdoj.gov

Tiffany Jacqueline Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
tiffany.preston@usdoj.gov